UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**LESLIE KAY THOMPSON**,<br><br>Debtor. | Case No. **11-61284-7** |
| **LESLIE KAY THOMPSON**,<br><br>Plaintiff.<br><br>-vs-<br><br>**LOAN TO LEARN**, **MRS ASSOCIATES**, **USFB PRIVATE LOAN SPV, LLC**, **WELLS FARGO**, and **NATIONAL COLLEGIATE TRUST**,<br><br>Defendants. | Adv No. **11-00062** |

## MEMORANDUM OF DECISION

At Butte in said District this 3rd day of April, 2012.

Trial of this adversary proceeding to determine dischargeability of the Debtor/Plaintiff's student loan debt under 11 U.S.C. § 523(a)(8) is scheduled to begin on April 13, 2012. On March 16, 2012, Defendant National Collegiate Trust ("NCT") filed a "Motion to Dismiss Adversary Proceeding" and a supporting brief. The Plaintiff filed a memorandum of law in opposition, and set NCT's motion for hearing on April 12, 2012. After review of the Motion and brief, and Plaintiff's memorandum in opposition, and applicable law, the Court deems no hearing is necessary, and denies NCT's Motion to Dismiss for failure to satisfy its burden under

1

applicable rules.

NCT's Motion and brief cite no rule based upon which NCT seeks dismissal.  NCT argues, before trial on the merits, that the Debtor has failed to present evidence satisfying her burden of proof under the three-prong test described in *In re Rifino*, 245 F.3d 1083, 1087 (9th Cir. 2001).  Plaintiff's memorandum in opposition treats NCT's Motion as a motion to dismiss for failure to state a claim on which relief can be granted under F.R.B.P. 7012(b) (applying Fed. R. Civ. P. 12(b)(6) in adversary proceedings).  In the Ninth Circuit a complaint should not be dismissed under Rule 12(b)(6) for failure to state a claim "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Evanns v. AT&T Corp.*, 229 F.3d 837, 839 (9th Cir. 2000); *Wright v. Riveland*, 219 F.3d 905, 912 (9th Cir. 2000).  The Ninth Circuit has explained:

> [W]e begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  We disregard threadbare recitals of elements of a cause of action, supported by mere conclusory statements.  After eliminating such unsupported legal conclusions, we identify well-pleaded factual allegations, which we assume to be true, and then determine whether they plausibly give rise to an entitlement to relief.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face; that is, plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
>
>  [*Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010)] (citations, alterations and internal quotation marks omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

*Alvarez v. Chevron Corp.*, 656 F.3d 925 (9th Cir. 2011).

"A complaint should not be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Steckman v. Hart*

*Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998); *See Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.1997); *Experimental Eng'g Inc. v. United Technologies Corp.*, 614 F.2d 1244, 1245 (9th Cir.1980). NCT moves to dismiss the adversary proceeding on the grounds the Plaintiff has not presented evidence to meet the three-prong test for undue hardship under § 523(a)(8). The complaint cites § 523(a)(8), and alleges that excepting the student loan indebtedness, for which the Debtor co-signed for her son's college education, will impose an undue hardship on her under § 523(a)(8) because of her income, reasonable living expenses, her age, employment and limited education.

      The dismissal requested by NCT for failure to satisfy Debtor's burden of proof would be contrary to controlling Ninth Circuit authority. In *Telesaurus* the court concluded that the district court abused its discretion by denying leave to amend a complaint. 623 F.3d at 1006. The court wrote that leave to amend can be denied if a court determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, . . . [citing case], or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)." *Telesaurus*, 623 F.3d at 1003; *Alvarez v. Chevron Corp.*, 656 F.3d at 935. NCT has not moved for a more definite statement, or requested that the Debtor amend her complaint. Therefore, at this stage of this adversary proceeding Ninth Circuit authority does not permit the relief requested in NCT's Motion, without leave to amend.

      Applying the standard, taking all allegations of fact in the complaint as true and construing them in the light most favorable to the Plaintiff, the Court finds that NCT has failed to satisfy the heavy showing required for dismissal under Rule 12(b)(6).

**IT IS ORDERED** a separate Order shall be entered denying NCT's Motion to Dismiss, and vacating the hearing on NCT's Motion set for April 12, 2012.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana